**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**March 11, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

CARLOS SANFORD-VALDEZ,
a/k/a Charlie Vuitton,

    Defendant - Appellant.

No. 25-1353
(D.C. No. 1:23-CR-00092-CNS-1)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **PHILLIPS**, **MORITZ**, and **ROSSMAN**, Circuit Judges.
_____

Carlos Sanford-Valdez pleaded guilty to conspiracy to distribute and possess

with intent to distribute 400 grams and more of fentanyl and cocaine.  The district

court sentenced him to 240 months in prison.  He filed a notice of appeal.

Mr. Sanford-Valdez's plea agreement contains an appeal waiver, which the

government now moves to enforce under *United States v. Hahn*, 359 F.3d 1315, 1328

(10th Cir. 2004).  He responds, through counsel, that he "does not oppose the

government's motion to enforce the appeal waiver based on [*Hahn*]."  Resp. at 1.

Based on Mr. Sanford-Valdez's non-opposition, we grant the government's motion

---

[*] This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

and dismiss this appeal.  This dismissal is without prejudice to Mr. Sanford-Valdez

seeking relief in a collateral proceeding as permitted under the terms of his plea

agreement.[1]

Entered for the Court

Per Curiam

---

[1] In his response, Mr. Sanford-Valdez "reserves the other rights retained under the terms of the appeal waiver, including but [not] limited to the right to pursue certain claims by way of 28 U.S.C. § 2255."  Resp. at 1.  This is consistent with the terms of the waiver in his plea agreement.  *See* Mot. to Enforce, Attach. 1 at 3 ("This waiver provision does not prevent the defendant from seeking relief otherwise available in a collateral attack on [certain specified] grounds[.]").